

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1274-14

### BOBBY JOE PEYRONEL, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**JOHNSON, J.,** filed a dissenting opinion.

### D I S S E N T I N G   O P I N I O N

On direct appeal, one of appellant's claims asserted that the trial court violated his "right to a public trial when it improperly excluded all of his friends and family who were present in the courtroom" and "in the gallery" during the punishment phase of the trial. The court of appeals concluded that the trial court improperly ordered a total closure of the courtroom, reversed the judgment as to punishment, and remanded to the trial court to conduct a new punishment hearing. *Peyronel v. State*, 446 S.W.3d 151, 159, 162 (Tex. App.–Houston [1st Dist.] 2014). On discretionary review, the majority granted the state's first ground for review and now sustains that

ground[1] and "reverse[s] the judgment of the court of appeals that Appellant preserved a public-trial complaint for appellate review." *Peyronel v. State*, No. PD-1274-14 (Tex. Crim. App., delivered June 24, 2015). I respectfully dissent.

The record reflects that after the victim's father testified as the first punishment witness, the court took a short break because the next witness was on her way to the courthouse but had not yet arrived. During that break, the trial court became aware[2] that, "Somebody approached one of the jury members and said: How does it feel to convict an innocent man?" IX R.R. 7. That person was an unidentified woman. The prosecutor asked that "females, female members of the defendant's family not be allowed in the courtroom during testimony[,]" as she did not want any of the jurors to feel intimidated while having to make a decision. IX R.R. 9. Appellant objected that such an exclusion was "too broad to exclude [his] wife and daughter to create the impression in the jury's mind that he has absolutely no support whatsoever here." IX R.R. 9. After the prosecutor suggested that appellant's support seemed to have crossed the line into juror intimidation, the trial court stated, "Nobody will stay in the courtroom while we proceed with this matter[,]" and that his prospective witnesses were to be instructed "to wait outside until such time as they can come in," including both witnesses and gallery members. IX R.R. 9-10.

The court of appeals pointed out that appellant "made clear that he did not agree to the trial court's exclusion of his family and argued that exclusion would create a negative impression in the jury's eyes." *Peyronel*, 446 S.W.3d at 156. It recognized that, while appellant did not explicitly

---

[1] We granted review of only the first of the state's grounds for review. That ground claims that the court of appeals erred in finding that the public-trial issue was preserved for review.

[2] The trial court stated, "I hear somebody made a comment to a juror out there that is part of the defense in this case." IX R.R. 7.

argue that exclusion of his family would abrogate his right to a public trial, it concluded that his objection was sufficient to preserve error. *Id.* I agree.

The majority, while recognizing that appellant was not required to use "magic language" to preserve his public-trial complaint for review, concludes that appellant's objection was insufficient to preserve that complaint and holds that appellant is trying to raise an abstract claim as an afterthought on appeal. *Peyronel*, slip op. at 7. I disagree.

Appellant's objection clearly notified the trial court that he objected to the exclusion of all spectators. He objected to the trial court announcing that "nobody will stay in the courtroom." The trial court's global exclusion effectively closed the proceeding to everyone—appellant's family, friends, and supporters, other interested observers, and the general public—and violated appellant's right to a public trial.[3] "Nobody" obviously means "nobody," (necessarily excepting essential trial participants, such as the trial attorneys, individual witnesses as they were testifying, and the court and court staff). And clearly appellant objected to such a global exclusion.

The state sought only to exclude female members of appellant's family. Appellant's complaint, that "that's too broad to exclude [his] wife and daughter," constituted an objection to any exclusion that exceeded the minimum required to accomplish the purpose of the initial exclusion: removing from the courtroom the unidentified female person who was associated with the defense and who reportedly inappropriately confronted a juror.

If a buyer purchases an appliance for a specific place that is two feet wide, that buyer will object to the substitution by the seller of an appliance that is two feet and two inches wide, and the buyer's objection necessarily puts the seller on notice that the buyer is also objecting to the

---

[3] U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. arts. 1.05, 1.24.

substitution of any appliance that is even wider than two feet and two inches. Likewise, objecting that the exclusion of the female members of his family was "too broad" necessarily constituted an objection to the exclusion of an even larger group of people and put the trial court on notice that its subsequent global exclusion, by which "nobody" was allowed to stay in the courtroom, was also "too broad."

I believe that the state's ground for review should be overruled and that the judgment of the court of appeals should be affirmed. Because the majority does not do so, I respectfully dissent.


Filed: June 24, 2015
Publish